UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN MAGEE,

        Plaintiff,

                v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.
_____/

Civil Action No. 14-13587
Honorable Sean F. Cox
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [R. 20, 21]**

Plaintiff Robin Magee appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying her application

for Supplemental Security Income ("SSI") under the Social Security Act (the

"Act"). Both parties have filed summary judgment motions [R. 20; R. 21],

which were referred to this Court for a Report and Recommendation

pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court

finds that the administrative law judge's ("ALJ") decision is supported by

substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion [R. 21] be **GRANTED**;

- Magee's motion [R. 20] be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Magee's Background and Claimed Disabilities

At the time of the administrative hearing, Magee was a 50-year-old high school graduate with two associate's degrees who previously worked as a blinds salesperson.  [R. 15-6, Tr. 120].  She has not worked since October 2010.  [*Id.*, Tr. 114].  Magee alleges disability based on bipolar disorder, Charcot-Marie-Tooth disease[1] ("CMT"), scoliosis, high blood pressure, hypertension, and a stroke.  [*Id.*].

### B.    Procedural History

Magee filed her application for SSI in August 2011, alleging disability beginning June 1, 2010.  [R. 15-5, Tr. 96-102].  Her claim was denied initially, and she filed a timely request for an administrative hearing.  [R. 15-4, Tr. 73-75].  Magee and a vocational expert ("VE") testified at a hearing before an ALJ on January 7, 2013, after which the ALJ issued a written

---

[1] CMT is a neurological disorder that affects both motor and sensory nerves.  "A typical feature [of CMT] includes weakness of the foot and lower leg muscles, which may result in foot drop and a high-stepped gait with frequent tripping or falls."
http://www.ninds.nih.gov/disorders/charcot_marie_tooth/detail_charcot_marie_tooth.htm

2

decision finding Magee not disabled.  [R. 15-2, Tr. 10-25, 26-53].  The

Appeals Council denied review, making the ALJ's decision the final

decision of the Commissioner for purposes of this review.  [*Id.*, Tr. 1-4].

Magee subsequently filed for judicial review.  [R. 1].

### C.    The ALJ's Application of the Disability Framework

A "disability" is the "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by

analyzing five sequential steps.  First, if the applicant is "doing substantial

gainful activity," he or she will be found not disabled.  20 C.F.R. §

416.920(a)(4).  Second, if the claimant has not had a severe impairment or

a combination of such impairments for a continuous period of at least 12

months, no disability will be found.  *Id.*  Third, if the claimant's severe

impairments meet or equal the criteria of an impairment set forth in the

Commissioner's Listing of Impairments, the claimant will be found disabled.

*Id.*  If the fourth step is reached, the Commissioner considers its

assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work ("PRW"). *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following the five-step sequential process, the ALJ concluded that Magee was not disabled. At step one, he found that Magee had not engaged in substantial gainful activity since August 8, 2011, the application date. [R. 15-2, Tr. 15]. At step two, he concluded that Magee had the following severe impairments: "ganglion cyst on the right foot, non-obstructive coronary artery disease, asthma, degenerative changes in the thoracic and cervical spines, bipolar disorder, and alcoholism." [*Id.*] At step three, the ALJ determined that Magee's impairments did not meet or medically equal the severity of any enumerated listing. [*Id.*, Tr. 16].

Between steps three and four, the ALJ assessed Magee's RFC, finding her capable of performing light work. [R. 15-2, Tr. 18]. He further

4

noted that Magee is limited to performing unskilled work if her alcoholism is considered; otherwise, she could perform semiskilled work. [*Id.*, Tr. 20]. At step four, the ALJ found Magee capable of performing PRW as a salesperson, which the VE testified was semi-skilled, light work. [*Id.*, Tr. 20, 51]. Despite concluding that Magee could perform PRW, the ALJ made an alternative step five finding based on the Medical Vocational Guidelines ("Grids"). Specifically, he found that based on Magee's age, education, and transferable work skills, Grid Rules 202.15 and 202.22 (skills from PRW transferable) or Grid Rules 202.14 and 202.21 (skills from PRW not transferable) apply and direct a finding of not disabled.[2] [*Id.*, Tr. 21]. Thus, the ALJ found Magee not disabled.

## II. ANALYSIS

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

---

[2] Two different Grid Rules apply because Magee was under 50 years of age and classified as a "younger person" when she filed her application, but at the time of the hearing, she was 50 years old and classified as a "person closely approaching advanced age." *See* 20 C.F.R. § 416.963.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). An ALJ's failure to use an

6

"adjudicatory tool" that does not change the outcome of the decision is harmless. *Id.* at 655-56.

Magee argues that the ALJ committed reversible error by failing to properly evaluate the opinions of the consulting examiners, that the RFC is not supported by substantial evidence, and that the hypothetical question posed to the VE failed to accurately describe her limitations. The Court disagrees and recommends affirming the decision of the ALJ.

### A.     Substantial Evidence Supports the ALJ's Decision

Magee argues that the ALJ relied on a non-treating physician and substituted his own judgment in formulating the RFC determination. She contends that the RFC fails to accurately account for her physical and mental impairments. These arguments are without merit.

"In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions." 20 C.F.R. § 404.1545(a)(3). *Eslinger v. Comm'r of Soc. Sec.*, 476 F. App'x 618, 621 (6th Cir. 2012). Further, an ALJ is required only to incorporate those limitations he finds credible when making an RFC determination. *Irvin v.*

*Soc. Sec. Admin.*, 573 Fed. Appx. 498, 502 (6th Cir. 2014) (citing *Casey v. Secy' of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993)).

### 1. Alleged Physical Impairments

In making his RFC determination, the ALJ cited to the State agency consultant's January 2012 RFC assessment, which indicated Magee had an RFC for light work, and specified relevant medical evidence that supported the RFC.  Regarding Magee's physical impairments, the ALJ noted that the State agency consultant's RFC was consistent with the opinion of consultative examiner Cynthia Shelby-Lane, M.D., whose examination is the only medical opinion of Magee's exertional functional capacity.  [R. 15-2, Tr. 19-20; R. 15-7, Tr. 182-90].  Dr. Shelby-Lane's report shows a relatively normal physical examination, reflecting that Magee was capable of completing all physical abilities tested (e.g., sit, stand, bend, stoop, carry, push, pull, etc.).  [R. 15-7, Tr. 186-88].

Magee contends that the medical evidence and her testimony show that her CMT disease was a severe impairment.  [R. 20, PgID 333-34]. She argues that it disrupts her daily activities, causes chronic pain in both feet and causes her to fall once per week due to weakness, lack of

coordination, and lack of stability.[3]   However, as the Commissioner argues, the only reference of CMT in the medical evidence arises in the opinion of Dr. Shelby-Lane, who conducted the consultative physical examination; the doctor relied upon Magee's report of a history of CMT.  [R. 21, PgID 353-54, citing R. 15-2, Tr. 182, 184; R. 15-7, Tr. 184].  Despite this, Dr. Shelby-Lane found that Magee showed no muscle atrophy; did not require a walking aid; had only a slight limp on the right side; could tandem, heel, and toe walk; and had normal reflexes.  [R. 15-7, Tr. 186-89].  These findings are inconsistent with severe CMT, and Dr. Shelby-Lane did not assess any physical limitations based on Magee's CMT disease.  [R. 15-7, Tr. 182-90].  Further, none of Magee's other medical records – either before or after the consultative examination – contain any reference to CMT disease, and a progress note from Sofia Syed, M.D., Magee's most recent treating physician, indicates a normal musculoskeletal examination in June 2012.  [R. 15-7, Tr. 252].

---

[3] Magee also claims that her CMT causes numbness in her hands and feet, ataxic gait, and severe peripheral sensory loss [R. 20, PgID 333], but the records she cites are from her hospital visit for a heart attack and stroke. [*See* R. 15-7, Tr. 215].  The medical records indicate that her heart attack caused those symptoms, and when she was discharged the symptoms had resolved and she was in stable condition.  [*Id.*, Tr. 236].

Since Dr. Shelby-Lane is the only doctor to diagnose CMT and she did not assess any physical limitation, the ALJ's RFC limiting Magee to light work is more restrictive than the opinion on which Magee relies. This constitutes substantial evidence in support of the physical RFC. *See Curler v. Comm'r of Soc. Sec.*, 561 Fed. Appx. 464, 473 (6th Cir. 2014) (finding substantial evidence to support an RFC finding where the ALJ's finding was more restrictive than the opinion the plaintiff identified); *Warren v. Comm'r of Soc. Sec.*, No. 13-13523, 2014 WL 3708565, at *4 (E.D. Mich. July 28, 2014) (Battani, J.) (finding substantial evidence to support an RFC finding where the ALJ's finding was more restrictive than the only medical opinion in the record).

### 2. Credibility Determination

The ALJ also held that Magee was not fully credible. Credibility determinations of witnesses are within the province of the ALJ, and will not be overturned "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241. Here, the ALJ found that Magee's ability to care for four dogs contradicted her allegations regarding her ability to sit, stand, walk, lift and carry, *see Walters v. Comm'r of Soc.*

10

*Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (an ALJ may consider household and social activities engaged in by the claimant in evaluating her assertions of pain or ailments); he noted that Magee did not have a long and continuous employment history, *see Oleary v. Comm'r of Soc. Sec.*, No. 14-10869, 2015 WL 730109, at *7 (E.D. Mich. Feb. 19, 2015) (a claimant's minimal work history is an appropriate consideration in assessing her credibility); and he found that a person with the impairments and limitations alleged would go to the doctor more than once every six months, which is how often Magee indicated she saw a doctor, *see Strong v. Comm'r of Soc. Sec.*, 88 Fed. Appx. 841, 846 (6th Cir. 2004) (failure to seek treatment for alleged impairment may cast doubt on claimant's assertions regarding the severity of the condition). [R. 15-2, Tr. 18].  Therefore, the ALJ's credibility determination finds support in the record and Magee has not proffered a compelling reason to overturn it.

### 3. Alleged Mental Impairments

Substantial evidence also supports the ALJ's findings regarding Magee's mental impairments.  The ALJ found that Magee had moderate restrictions in activities of daily living; mild difficulties in social functioning, and mild difficulties with regard to concentration, persistence or

11

pace.  [R. 15-2, Tr. 17].  In so finding, the ALJ relied on the opinion of

consultative psychologist Nice Boneff, Ph.D., who examined Magee on

January 9, 2012, and the January 20, 2012 psychiatric assessment of Jung

Kim, M.D., a State agency consultant who reviewed the records.  [*Id.*, Tr.

17, 19; R. 15-3, Tr. 59-60; R. 15-7, Tr. 180].

        Dr. Boneff opined that Magee "demonstrated strengths in immediate

memory and the capacity to pay attention as well as short-term memory";

"displayed only slight to moderate capacities to concentrate … on

calculation tasks, but strengths in abstract thinking"; and "displayed

variability in terms of the capacity for judgment and impulse control."  [R.

15-7, Tr. 180].  Although Dr. Boneff diagnosed Magee with bipolar disorder,

he concluded that that Magee "appear[ed] capable of engaging in work-

type activities of a moderate to relatively high-degree of complexity, [and

activities that involved] remembering and executing a multiple step

procedure on a sustained basis…."  [*Id.*].  Dr. Kim opined that Magee had a

mild restriction in activities of daily living and mild difficulties in maintaining

social functioning and maintaining concentration, persistence, or pace.  [R.

15-3, Tr. 60].  He further opined that Magee did not have a severe mental

impairment and that her impairment "does not significantly limit mental

12

ability to do basic work activities." [*Id.*, Tr. 60].

Magee does not indicate how the ALJ erred with regard to assessing her mental impairments, and she does not specify any non-exertional limitations that he should have included. Even if the ALJ erred in failing to assess specific mental limitations, any error was harmless because the ALJ's alternative step five finding based on the Grids, *see infra*, § II., B., is supported by substantial evidence. *See Gaskin v. Comm'r of Soc. Sec.*, No. 14-10859, 2015 WL 268335, at *4 (E.D. Mich. Jan. 21, 2015) ("Errors at step four are considered harmless when the ALJ makes an alternative determination at step five."). Reliance on the Grids requires a finding that the claimant can perform unskilled work. 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 200.00(b). Unskilled work comprises the abilities to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting. SSR 85-15, 1985 WL 56857, at *4 (1985). The opinions of Dr. Boneff and Dr. Kim support the ALJ's finding that Magee can perform unskilled work.

### 4. Determination of Non-Disability at Step Five

Magee argues that the hypothetical question posted to the VE failed to

13

adequately describe her limitations.  This argument is off the mark because the ALJ determined at step four that Magee could perform PRW, and VE testimony is not required for an ALJ to make a step four finding regarding PRW.  *See Estep v. Comm'r of Soc. Sec.*, No. 11-11241, 2012 WL 3776485, at *7 (E.D. Mich. Apr. 16, 2012), *aff'd*, 2012 WL 3758033 (E.D. Mich. Aug. 30, 2012); 20 C.F.R. § 416.960(b)(2) ("We *may* use the services of vocational experts ... to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.") (emphasis added).  On the other hand, the ALJ did err by finding that Magee could perform PRW because Magee's alcoholism limits her to performing unskilled work, and her PRW as a salesperson is a semi-skilled position.  [R. 15-2, Tr. 20, 51].[4]

However, this step-four error is harmless because the ALJ's alternative step-five finding that, based on Magee's age and education, Grid Rules 202.14 and 202.21 (skills from PRW not transferable) apply and direct a finding of not disabled.  [R 15-2, Tr. 21].  Magee did not argue that the Grid Rules are inapplicable or were applied erroneously, and the Court

---

[4] Magee did not make this argument, but the Commissioner admitted error and argued that error was harmless.  *See* Commissioner's brief at R. 21, PgID 361-62 & n. 6.

finds no error.  Accordingly, substantial evidence supports the ALJ's determination that Magee is not disabled.

For all of these reasons, substantial evidence supports the ALJ's finding that Magee is capable of performing light and unskilled work, and his decision should be affirmed.  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) ("If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

## III.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Magee's motion for summary judgment [R. 20] be **DENIED**, the Commissioner's motion [R. 21] be **GRANTED**, and the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

<div style="text-align:right">

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge
</div>

Dated: January 21, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

16

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2016.

<div style="margin-left:50%">

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

</div>